UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM REDICK,<br><br>                    Plaintiff,<br><br>        v.<br><br>MY CREDIT CARE,<br><br>                    Defendant. | Case No. 1:25-cv-01539-CDB<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $750.00<br><br>(Docs. 13, 14)<br><br>ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 15)<br><br>**April 13, 2026, Deadline** |

**Background**

Plaintiff William Redick initiated this action with the filing of a complaint on November 12, 2025, against Defendant My Credit Care. (Doc. 1).  When Defendant failed to timely respond to the complaint, at Plaintiff's request, the Clerk of the Court entered default.  (Docs. 5, 6). Thereafter, on February 24, 2026, the Court ordered Plaintiff to file and serve a motion for default judgment no later than March 26, 2026.  (Doc. 12).

After Plaintiff failed to timely file a motion for default judgment, the Court ordered Plaintiff to show cause in writing why sanctions should not be imposed for Plaintiff's failure to comply with the Court's orders, noting that this was not the first time Plaintiff and Plaintiff's counsel have recently failed to comply with the Court's orders to timely file a motion for default judgment.  (Doc.

1

13; citing *Redick v. Premises Capital, Inc.*, No. 1:25-cv-01376-JLT-CDB; *Redick v. FAVO Capital, Inc.*, No. 1:25-cv-00880-JLT-CDB).

Plaintiff filed a response to the Court's show cause order and motion for extension of time to file the motion for default judgment on March 30, 2026.  (Docs. 14, 15).

**<u>Governing Authority</u>**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  The Court also may impose sanctions for civil contempt "to coerce obedience to a court order."  *Gen. Sig. Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986); *see Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").  *E.g., Gen. Sig. Corp. v. Donallco*, *Inc*., 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of $100,000 sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992) (affirming district court's imposition of sanctions to coerce compliance with court order).

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these

Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

**Discussion**

Here, the Court ordered Plaintiff to file a motion for default judgment no later than March 26, 2026. (Doc. 12). Upon the Plaintiff's failure to file the motion by the deadline, the Court ordered Plaintiff to show cause in writing as to why sanctions should not be imposed for the failure. (Doc. 13). In the response, Plaintiff's counsel states only that the failure was a result of an "inadvertent calendaring system error" and that Plaintiff "is in the process of preparation of its [m]otion and is seeking an additional thirty (30) days to comply …" (Doc. 14 at 2). Plaintiff provides no further explanation or grounds for extension in the motion for extension of time. *See* (Doc. 15).

The Court notes that in another action filed by Plaintiff in this Court (*Redick v. Premises Capital, Inc.*, No. 1:25-cv-01376-JLT-CDB), Plaintiff, represented by the same counsel, failed to timely file a motion for default judgment by the deadline set by the Court, resulting in the undersigned issuing an order to show cause on February 17, 2026, and permitting Plaintiff, alternatively to comply with the order by filing the motion. (*Premises Capital*, Docs. 7, 8). Thereafter, Plaintiff filed the motion. (*Premises Capital*, Doc. 9). And in another action before this Court (*Redick v. FAVO Capital, Inc.*, No. 1:25-cv-00880-JLT-CDB), the undersigned issued an order to show cause on October 16, 2025, for counsel's failure to timely file proofs of service and a scheduling report. (*FAVO Capital*, Doc. 4). In the response filed October 17, 2025, counsel represented that an "internal calendaring error" resulted in a failure to calendar the initial scheduling conference. Plaintiff's counsel stated that Plaintiff was in the process of "correcting its systematic issues, which have included several inadvertent calendaring and deadline errors." *See* (*FAVO Capital*, Doc. 5 ¶¶ 5-6). After Plaintiff failed to timely file a motion for default judgment by the

3

deadline set by the Court, on December 1, 2025, the undersigned ordered Plaintiff to show cause in writing why sanctions should not be imposed for the failure, and permitting Plaintiff to, alternatively, comply with the order by filing the motion. (*FAVO Capital*, Doc. 11). Thereafter, Plaintiff filed the motion. (*FAVO Capital*, Doc. 12).

Thus, Plaintiff's counsel has repeatedly failed to comply with the Court's orders regarding the filing of motions for default judgment in three separate actions. Additionally, Plaintiff's calendaring issues appear still uncorrected despite counsel's representations in October 2025 to the contrary. Aside from evidencing Plaintiff's lack of regard for complying with court orders, Plaintiff's intransigence is preventing the Court from efficiently managing its docket. Accordingly, the Court finds that monetary sanctions are appropriate to compel Plaintiff to comply with this Court's orders. As the repeated warnings by the Court to Plaintiff and Plaintiff's counsel about the risk of sanctions for failure to comply with the Court's orders appear to have had little to no effect and have failed to gain their compliance, the Court finds that a $750.00 sanction should be imposed on Plaintiff to remedy his continuing deficiencies.

Further, Plaintiff does not set forth good cause for a 30-day extension of the deadline to file the motion for default judgment. *See* (Doc. 15). The Court will extend Plaintiff's filing deadline to a date 14 days from entry of this order.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff SHALL pay the Clerk of the Court $750.00 in full satisfaction of the sanction imposed in this case no later than **April 13, 2026**;

2. Plaintiff's counsel SHALL promptly file proof of payment with the Court once full payment is made;

3. If such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from April 13, 2026, until full payment is received; and

///

///

///

4

4. Plaintiff SHALL file the motion for default judgment as to Defendant My Credit Care no later than **April 13, 2026**.

**Any failure by Plaintiff to comply with this order will result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **March 30, 2026**

_____
UNITED STATES MAGISTRATE JUDGE